IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MARCUS LEE ROWE | § |
| | § |
| V. | § CIVIL NO. A-20-CV-923-LY |
| | § |
| BRIAN MANLEY, | § |
| et al. | § |

### ORDER OF DISMISSAL

Before the court is Plaintiff's civil-rights complaint. Plaintiff did not pay the $400 filing fee. The court presumes Plaintiff seeks leave to proceed *in forma pauperis*. After consideration of Plaintiff's complaint, Plaintiff is denied leave to proceed *in forma pauperis* and his complaint is dismissed without prejudice.

Under the Prison Litigation Reform Act, a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in section 1915(g). Regardless of whether a prisoner proceeds *in forma pauperis* in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious, or for failure to state a claim, the dismissal will count against the prisoner for purposes of the three-dismissal rule.

While incarcerated, Plaintiff has filed at least three civil actions or appeals that have been dismissed as frivolous or for failure to state a claim. *See Rowe v. Hernandez*, No. A-20-CV-663-LY (W.D. Tex.) (dismissed with prejudice for failure to state a claim Sept. 2, 2020); *Rowe v. United States Congress*, No. A-20-CV-716-LY (W.D. Tex) (dismissed as frivolous and for want of jurisdiction July 13, 2020); *Rowe v. United States Congress*, No. A-20-CV-718-LY (W.D. Tex) (dismissed as frivolous and for want of jurisdiction July 13, 2020); *Rowe v. Trump*, No. A-20-CV-753-LY (W.D. Tex.) (dismissed as frivolous July 17, 2020). Therefore, Plaintiff may not file another civil action *in forma pauperis* while incarcerated unless Plaintiff is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's complaint does not meet that standard.

It is therefore **ORDERED** that Plaintiff is **DENIED** leave to proceed *in forma pauperis*, and his complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to the three-dismissal rule of 28 U.S.C. § 1915(g). Plaintiff's complaint may be reinstated only if the full filing fee is paid simultaneously with the filing of a motion to reinstate within 30 days of the date of this Order.

SIGNED this 11th day of September, 2020.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE